# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **IN RE:** ) | |
| ) | |
| **TIMOTHY GERARD KRUSE** ) | **BANKR. CASE NO. 09-31002** |
| ) | |
| ) | **CHAPTER 7** |
| **Debtor.** ) | |

## NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**Pursuant to Local Rule 9013-1(h), the court may consider this matter without further notice or hearing unless a party in interest files an objection. If you object to the relief requested in this paper, you must file with the clerk of the court at <u>800 Market Street, Suite 330, Knoxville, TN 37902</u>, an objection within 15 (fifteen) days from the date this paper was filed and serve a copy on the movant's attorney, Wilson & Associates, 109 Northshore Drive, Suite 302, Knoxville, Tennessee 37919. If you file and serve an objection within the time permitted, the court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the court will consider that you do not oppose the granting of the relief requested in this paper and may grant the relief requested without further notice or hearing.**

___

## SOUTHEAST COMMUNITY CAPITAL CORPORATION'S MOTION TO TERMINATE THE AUTOMATIC STAY AND ABANDONMENT OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §§ 362(d) AND 554
___

Southeast Community Capital Corporation, (hereinafter "SCC"), by and through counsel, and hereby requests the entry of an Order terminating the automatic stay and for abandonment of property of the estate pursuant to 11 U.S.C. § 362(d), 11 U.S.C. § 554, Fed. R. Bankr. P. 4001 and 9014.  In support of this Motion, SCC states as follows:

## JURISDICTION

1.This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334.  The instant matter is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(G).  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND FACTS

2.SCC is a creditor in this case as more particularly described herein.

3.On or about February 2, 2007, the Timothy G. Kruse d/b/a Cruzin' Machine (the "Debtor") executed a promissory note in the original principal amount of $35,000.00 ("Note I"). On or about February 2, 2007, the Debtor executed a promissory note in the original principal amount of $11,000.00 ("Note II").  On or about February 2, 2007, the Debtor executed a promissory note in the original principal amount of $10,000.00 ("Note III") and a Revolving Line of Credit Agreement.  A copy of Note I, Note II, Note III and Revolving Line of Credit Agreement are attached hereto and incorporated herein as Collective Exhibit A.

4.Note I, Note II, Note III, and Revolving Line of Credit Agreement are referred to collectively hereinafter as the "Notes."

5.On or about June 22, 2007, the Debtor executed that certain Change in Loan Terms Agreement, modifying the Notes to include additional terms (the "Modification Agreement"). The Modification Agreement is attached hereto and incorporated herein as Exhibit B.

6.The Notes, as modified from time to time, are secured by, among other things, a Security Agreement dated February 2, 2007, (the "Security Agreement"), granting a first lien security interest in all business assets of the Debtor, whether now owned or hereafter acquired, including but not limited to, accounts receivable, contracts, chattel paper, contract rights, documents, trademarks, patents, instruments, proceeds, finished inventory, work-in-progress,

raw inventory, general intangibles, furniture, fixtures, and equipment of every description and kind (collectively, the "Business Assets"), and a 2000 Dodge Q35 Pickup Truck, bearing VIN 1B7MF336XYJ117382 (the "Truck"). A copy of the Security Agreement is attached hereto and incorporated herein as Exhibit C.

7. On or about February 21, 2007, SCC properly perfected its security interest in the Business Assets of the Debtor by filing a UCC-1 Financing Statement, assigned filed number 307111665 by the Tennessee Secretary of State (the "UCC-1"). A copy of the UCC-1 is attached hereto and incorporated herein as Exhibit D.

8. On or about March 27, 2008, SCC perfected its security interest in the Truck, by noting its lien on the Certificate of Title. A copy of the Certificate of Title is attached hereto and incorporated herein as Exhibit E.

9. The Business Assets and the Truck are referred to collectively hereinafter as the "Collateral."

10. On or about February 27, 2009, (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The voluntary petition filed under chapter 7 of the Bankruptcy Code created an automatic stay prohibiting SCC from acting, commencing, or continuing any civil action, to collect all or any part of the debt from the Debtor pursuant to 11 U.S.C. § 362.

11. Prior to the Petition Date, the Debtor was in default as the Debtor has failed to make payments as required under the Notes.

12. As of the Petition Date, the Debtor owes SCC an aggregate amount not less than $48,607.73 prior to expenses, fees, and costs. As of the Petition Date, the Debtor was in

default for failing to make payments as required under the Notes due for November of 2008 to the Petition Date.

13. In the Debtor's statement of intent, the Debtor stated a desire to surrender the Collateral. Based on the amounts owed and the value attributed to the Collateral per the Debtor's Schedules, in the amount of $5,000.00, the Debtor has no equity in the Collateral. The Debtor has also failed to make payments to SCC, and SCC's interest in the Collateral is not adequately protected nor is it necessary for reorganization as the instant case is a Chapter 7 case.

## RELIEF REQUESTED

14. Above premises considered, SCC moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1)-(2) and abandonment of the Collateral pursuant to 11 U.S.C. § 554 as the Collateral is of inconsequential value to the estate.

15. SCC requests that the automatic stay be terminated pursuant to 11 U.S.C. § 362(d)(1) and (2). Cause exists to terminate the automatic stay because the Debtor has failed to make payments and provide for adequate protection of SCC's interest in the Collateral. Moreover, the Debtor has no equity in the Collateral, and the Debtor has expressed a desire to surrender the unit per the Debtor's Statement of Intent.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, Southeast Community Capital Corporation prays as follows:

1. The automatic stay as provided by 11 U.S.C. § 362(a) be terminated as to Southeast Community Capital Corporation and the Collateral, and Southeast Community Capital Corporation be allowed to exercise all of its rights with respect to the Collateral, and otherwise protect its interest in the Collateral securing the outstanding indebtedness owed;

2. The bankruptcy estate's interest in the Collateral and proceeds thereof be abandoned as burdensome or of inconsequential value to the estate pursuant to 11 U.S.C. §554;

3. The relief requested herein become effective immediately upon entry of Order Terminating Automatic Stay and the provisions of FED. R. BANKR. P. 4001(a)(3) be waived; and

5. For such other and further relief to which Southeast Community Capital Corporation is entitled as this Court may deem just and proper.

Respectfully Submitted,

BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ, P.C.

/s/ *Blair B. Evans*
Blair Evans (TNB#018370)
R. Spencer Clift, III (TNB#20445)
First Tennessee Building
Suite 2000
165 Madison Avenue
Memphis, TN 38103
TELEPHONE: 901.577.2192
FAX: 901.577.0850
EMAIL: bevans@bakerdonelson.com

*Attorney for Southeast Community Capital Corporation*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on the 27th day of April, 2009, a copy of the foregoing electronically filed Notice of Appearance was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

| Timothy Gerard Kruse<br>126 Elvin Hill Road<br>Maynardville, TN 37807 | Ann Mostoller<br>136 South Illinois Avenue<br>Ste 104<br>Oak Ridge, TN 37830 |
|---|---|
| Jimmie D. Turner<br>1119 E. Tri-County Blvd<br>Oliver Springs, TN 37840<br>Email: jim.turner@tnattyatlaw.com | U. S. Trustee<br>800 Market Street, Ste. 114<br>Howard H. Baker Jr. U.S. Courthouse<br>Knoxville, TN 37902 |

/ s/ Blair B. Evans